UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

_____

**DESIGN BASICS, LLC,**
   **Plaintiff**

Case No: _____

v.

**SIGNATURE CONSTRUCTION, INC.;
SIGNATURE HOMEBUILDERS, LLC;
SIGNATURE DEVELOPMENT OF
PEORIA, INC.; SIGNATURE HOMES
OF BLOOMINGTON, LLC; IRONWOOD
HOMES, INC.; IRONWOOD HOMES
OF PEORIA, LLC; and RANDY L.
PEIFER;**

**JURY DEMANDED**

   **Defendants**
_____

*PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*
_____

Plaintiff, Design Basics, LLC (hereinafter, "DB") by its attorneys, Dana A. LeJune and Michael T. Hopkins, file this complaint against the Defendants, Signature Construction, Inc. ("S. Construction"), Signature Homebuilders, LLC ("S. Homebuilders"); Signature Development of Peoria, Inc. ("S. Development"), Signature Homes of Bloomington, LLC ("S. Homes"), Ironwood Homes, Inc. ("Ironwood"), Ironwood Homes of Peoria, LLC ("Ironwood of Peoria"), and Randy L. Peifer ("R. Peifer")(collectively, "Defendants") and shows:

## Jurisdiction and Venue

1.      The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2.      Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3.      Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4.      The Defendant, S. Construction, is a for-profit Illinois corporation with a principal office in Normal, IL. Upon information and belief, S. Construction is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon S. Construction by serving citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

5.      The Defendant, S. Homebuilders, is a for-profit Illinois limited liability company with a principal office in Normal, IL. Upon information and belief, S. Homebuilders is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon S. Homebuilders by serving

citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

6. The Defendant, S. Development, is a for-profit Illinois corporation with a principal office in Normal, IL. Upon information and belief, S. Development is in the business of marketing, development, and sales of residential neighborhoods and/or subdivisions. Service of citation may be had upon S. Development by serving citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

7. The Defendant, S. Homes, is a for-profit Illinois limited liability company with a principal office in Normal, IL. Upon information and belief, S. Homes is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon S. Homes by serving citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

8. The Defendant, Ironwood, is a for-profit Illinois corporation with a principal office in Champaign, IL. Ironwood is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon Ironwood by serving citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

9. The Defendant, Ironwood of Peoria, is a for-profit Illinois limited liability company with a principal office in Normal, IL. Ironwood is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had

upon Ironwood of Peoria by serving citation upon its Registered Agent, Kelly E. Ford, at 1605 S. State Street, Suite #103, Champaign, Illinois.

10. Defendant R. Peifer is an individual residing in Champaign, IL, who is the president, officer, director, manager and/or other principal of the entity defendants. Mr. Peifer may be served with citation at 5117 Stonebridge Drive, Champaign, Illinois, 61822, or 4120 Belmont Point, Champaign, Illinois, 61822, or such other place as he may be found.

## Facts

11. Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

12. DB is the sole original author and owner of a large number of architectural works, including those entitled the "2638 Linden," the "2207 Manning," the "1380 Paterson," and the "8030 Burton Place" (collectively, the "Copyrighted Works").

13. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2638 Linden."

14. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2207 Manning."

15. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1380 Paterson."

16.     **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8030 Burton Place."

17.     In the course of marketing its works, on or about July 23, 2016, DB saw several plan designs being advertised and marketed on Defendants' website, www.signaturehomes.ws, that were strikingly similar to the Copyrighted Works described in paragraphs 12 through 16 above. DB preserved Defendants' infringing works by making screen captures (**Exhibit 5**). The works discovered at that time were:

   a) Defendants' "Ridgemont" – DB's 2638 Linden;
   b) Defendants' "Ridgemont II" – DB's 2638 Linden;
   c) Defendants' "Waterford" – DB's 2207 Manning;
   d) Defendants' "Bauman" – DB's 1380 Paterson;
   e) Defendants' "Summerbrooke" – DB's 8030 Burton Place; and
   f) Defendants' "Summerbrooke II" – DB's 8030 Burton Place.

18.     During the 2002 International Builders Show, two individual's employed by the Defendants – including Defendant R. Peifer registered with DB's booth/exhibit. Then on or around February 26, 2002, Defendants ordered DB's entire library of home plan catalogs. All of the Copyrighted Works at issue in this case were within one or more of the plan catalogs ordered by Defendants. Additionally, DB regularly and systematically handed out and/or mailed publications containing DB's house plans to members of the National Association of Home Builders ("NAHB"). Defendant's February 26, 2002 home plan catalog order was sourced to one of these DB direct mailed publications, entitled <u>Seasons of Life,</u> evidencing the fact that defendants were receiving and reviewing DB's direct mail publications. One or more of the floor plans and elevations of the Copyrighted Works at issue in this case were within one or more of the

plan books handed out and/or mailed by DB to Defendants. Further, DB's home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan catalogs and other publications, as well as through online publications, including but not limited to DB's website, www.designbasics.com.

19. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works. Despite this, when DB checked its records, it found that DB had never licensed any of the four (4) Copyrighted Works set out in paragraphs 12 through 16 above, to *any* of the Defendants.

20. In addition to posting infringing copies of DB's copyright protected works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

21. Each three-dimensional copy constructed by Defendants as alleged in paragraph 17 (a) – (f) above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

22. Inasmuch as R. Peifer is the current principal and/or manager of the entity Defendant, or otherwise had control of it, he had knowledge of their infringing activities, and/or had a financial interest in the infringing activities by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services

in furtherance of the entity Defendant's marketing, construction, and/or sales of said infringing houses.

23. The conduct of the entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of R. Peifer personally, as an owner, officer, director and/or manager of the entity Defendant. R. Peifer had the right and ability to supervise the infringing activities, including but not limited to preventing the Defendants from infringing DB's works, and/or stopping the infringements once they began. Additionally, on information and belief, R. Peifer received pecuniary benefit from the acts of infringement by the entity Defendant. Accordingly, R. Peifer is personally liable to DB as a joint and/or contributory infringer, and/or is otherwise vicariously liable.

24. The illicit acts of the Defendants, described in paragraphs 14 through 18 above were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

25. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

### Causes of Action for Non-Willful Copyright Infringement
### Count One

26. DB re-alleges and incorporates paragraphs 1 through 25 above as if fully set forth herein.

Plaintiff's Original Complaint for
Copyright Infringement

27. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Two

28. DB re-alleges and incorporates paragraphs 1 through 25 above as if fully set forth herein.

29. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 13 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Three

30. DB re-alleges and incorporates paragraphs 1 through 25 above as if fully set forth herein.

31. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Four

32. DB re-alleges and incorporates paragraphs 1 through 25 above as if fully set forth herein.

33. Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraphs 12 through 16 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

34. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

35. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

### Count Six

36. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

37. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above by

publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Seven

38.     DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

39.     Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Eight

40.     DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

41.     Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 12 through 16 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of their works which are as yet undiscovered.

Plaintiff's Original Complaint for
Copyright Infringement

## Violations of DMCA § 1202
## Count Nine

42. DB re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 et seq. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

43. In creating the drawings identified above, one or more of said Defendants intentionally removed, obscured, and/or omitted DB's copyright management information, or had them removed, obscured, and/or omitted from copies of DB's works.

44. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been so altered without authorization.

45. At the time said Defendants altered DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed, obscured, and/or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate and/or conceal the infringement of DB's copyrights.

46. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

47. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

Plaintiff's Original Complaint for
Copyright Infringement

## Conclusion and Prayer

WHEREFORE, DB demands that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored

images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Date: July 22, 2016            **LEJUNE LAW FIRM**

By:  /S/ **Dana A. LeJune**
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
Tel:  713.942.9898 Telephone
Fax: 713.942.9899 Facsimile

and

**LITIGATION, U.S., LLC**

By:  /S/Michael T. Hopkins
Michael T. Hopkins
SBN: 1014792
email: mth@ip-lit.us
757 N. Broadway, Suite 201
Milwaukee, WI  53202
Tel/Fax: 866-735-0515

*ATTORNEYS FOR PLAINTIFF*